United States Bankruptcy Court
District of Maryland

Randall,
    Plaintiff      Adv. Proc. No. 19-00370-MMH

National Collegiate Studentloan Services,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0416-1     User: admin     Page 1 of 1
Date Rcvd: Jun 21, 2021     Form ID: pdfall     Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol    Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 23, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | National Collegiate Studentloan Services, One Federal Street, 3rd Floor, Boston, MA 02110-2014 |
| pla | + | Terry Lucille Randall, 7248 Early Golden Ln, Pikesville, MD 21208-5855 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 23, 2021      Signature:      /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 21, 2021 at the address(es) listed below:**

**Name**      **Email Address**

Daniel J. Pesachowitz
    dpesacho@siwpc.com
    rjones@siwpc.com,bkreferrals@siwpc.com,siwbkecf@siwpc.com,siwpc@ecf.courtdrive.com,siwattecf@siwpc.com

TOTAL: 1



**MICHELLE M. HARNER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| Terry Lucille Randall, | * | Case No. 19-21815-MMH |
| Debtor. | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Terry Lucille Randall, | * | |
| Plaintiff, | * | Adversary No. 19-00370-MMH |
| v. | * | |
| National Collegiate Student Loan Service, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Motion for Summary Judgment (the "Motion"), filed by National Collegiate Student Loan Service (the "Defendant"). ECF 42. The Motion requests a determination that Ms. Terry Lucille Randall, the above-captioned debtor and plaintiff in this adversary proceeding (the "Plaintiff"), has failed to meet her burden of proof that certain student loan debt owed to the Defendant is nondischargeable under section 523(a)(8) of the Bankruptcy

Code.¹ The Plaintiff did not file a written response to the Motion, but she did submit documents in support of her position.² ECF 46. The Court held a hearing on the Motion on April 15, 2021 (the "Hearing").

The Motion is governed by Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056. A moving party may be entitled to judgment as a matter of law under Civil Rule 56 in the absence of any genuine issue of material fact.³ Fed. R. Civ. P. 56. *See Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). *See also Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (discussing standards for summary judgment). A court must view the evidence on summary judgment in the light most favorable to the nonmoving party and "draw all justifiable inferences" in its favor, "including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (citations omitted). However, "[w]hen a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact." *Emmett*, 532 F.3d at 297. Moreover, the United States Court of Appeals for the Fourth Circuit has explained that "[a]lthough the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' The failure to respond to the motion does not automatically accomplish this." *Custer v. Pan Am. Life Ins., Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

---

¹ 11 U.S.C. §§ 101 et seq. (the "Code").
² The Plaintiff's documents were filed shortly before the Hearing. Accordingly, the Court gave the Defendant time to review and object to those documents. The Defendant filed a line of no objection. ECF 46.
³ *See, e.g., Fisher v. Johnson*, No. RDB-16-2157, 2017 WL 1546413, at *3 (D. Md. Apr. 28, 2017) ("Whether a fact is considered to be 'material' is determined by the substantive law, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson*, 477 U.S. at 248; *accord Hooven-Lewis*, 249 F.3d at 265.").

2

The Plaintiff, who is proceeding pro se, did not file a written response (other than supporting documentation) to the Motion. Nevertheless, under the Fourth Circuit's decisions cited above and given the Court's general preference to decide matters on the merits,[4] the Court allowed the Plaintiff to state her position on the record at the Hearing. The Plaintiff's primary issue with the Motion is one of fact, not law. The Plaintiff strenuously argued that she does not have the financial wherewithal to repay any portion of her student loan debt and that requiring her to do so would cause her undue hardship.

Section 523(a)(8) generally excepts a debtor's student loan debt from any discharge granted to the debtor under section 727(a) of the Code. That section of the Code provides,

> **(a)** A discharge under section 727 … of this title does not discharge an individual debtor from any debt--
> …
> **(8)** unless excepting such debt from discharge under this paragraph would impose an *undue hardship* on the debtor and the debtor's dependents, for--
> **(A)(i)** an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
> **(ii)** an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
> **(B)** any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual ….

11 U.S.C. § 523(a)(8) (emphasis added).

The Code does not define "undue hardship." Most courts interpreting section 523(a)(8), including the Fourth Circuit, have adopted the test developed by the Second Circuit for this purpose; a test commonly referred to as the *Brunner* test. *See Brunner v. N.Y. Higher Educ. Servs.*

---

[4] *See, e.g.*, *Holley Coal Co. v. Globe Indem. Co.*, 186 F.2d 291, 295 (4th Cir. 1950) ("The Federal Rules of Civil Procedure indicate a policy to disregard technicalities and form and to determine the rights of litigants on the merits."); *see Kingsville Dodge, LLC v. Almy*, No. CCB-07-154, 2007 WL 2332699 (D. Md. July 30, 2007).

*Corp.*, 831 F.2d 395 (2d Cir.1987); *see also Frushour*, 433 F.3d at 400; *In re Nightingale*, 529 B.R. 641, 647–48 (Bankr. M.D.N.C. 2015). Under the *Brunner* test, debtors must show:

> (1) they cannot maintain, based on current income and expenses, a "minimal" standard of living for themselves and their dependents if forced to repay the loans;
> (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and
> (3) they have made good faith efforts to repay the loans.

*In re Dunlap*, No. 15-30795, 2016 WL 93805, at *2 (Bankr. W.D.N.C. Jan. 6, 2016) (citing *Frushour*, 433 F.3d at 400). The Plaintiff argues that the facts and circumstances of her case satisfy the undue hardship requirement of section 523(a)(8); the Defendant disagrees with that position.

At this stage of the litigation, the Court need only determine whether a genuine dispute of material fact exists concerning the Plaintiff's ability to repay her student loan debt and any resulting undue hardship. The Court finds, based on the record in this adversary proceeding,[5] that the Plaintiff has shown such a dispute.

From the Defendant's perspective, the Court's evaluation of the Motion should be straight forward: the Plaintiff is earning sufficient income (if she continues working overtime hours at a certain level) to pay back her student loan obligations; she can continue to do so until the debt is repaid; and she has not made any good faith efforts to repay her student loan obligations. The Court does not agree that either the applicable facts or ultimate conclusion is so simple.

---

[5] "'The court and the parties have great flexibility with regard to the evidence that may be used on a [summary judgment] proceeding.' 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2721 (3d ed.1998). The court may consider materials that would themselves be admissible at trial, and the content or substance of otherwise inadmissible materials where the "the party submitting the evidence show[s] that it will be possible to put the information ... into an admissible form." 11 James Wm. Moore et al., Moore's Federal Practice § 56.91[2] (3d ed.2015). If the nonmovant objects to the court's consideration of 'material cited to support or dispute a fact,' Fed.R.Civ.P. 56(c)(2), the movant has the burden 'to show that the material is admissible as presented or to explain the admissible form that is anticipated,' Fed.R.Civ.P. 56 advisory committee's note." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538-539 (4th Cir. 2015).

The Plaintiff is 68 years old. Tr. 29;[6] Dep. Tr., ECF 42-3, p. 20–21. She received her first college degree, a bachelor's degree in psychology, from Morgan State University. Tr. 26. She then received a master's degree in human services and public policy in 2008 from Sojourner-Douglass College. Dep. Tr., ECF 42-3, p. 14. The Plaintiff financed her education with assistance from her parents and with loans from, among others, the Defendant. Tr. 26–27. The loans at issue in this adversary proceeding were extended in 2006 and 2007 and, thus, appear to relate to the Plaintiff's education in pursuit of her master's degree. Def. Ex., ECF 42-2, p. 3.

The Plaintiff is currently employed as a community medical technician, earning approximately $13 per hour with some opportunity for overtime. Tr. 26–28. The Plaintiff appears to have been employed in this or similar positions since 2009, and her hourly wage has ranged between $9 to $13 per hour. *Id*. The Plaintiff has some ability to supplement her regular wages with overtime. The Plaintiff explained that she has worked an exceptional number of overtime hours during the past year primarily due to the global COVID-19 pandemic and a shortage of workers. Tr. 32–33; Dep. Tr., ECF 42-3, p. 26–30, 50. The Plaintiff stated that she did not believe her current level of overtime pay would continue after the pandemic recovery. Tr. 32–33.

A review of the Plaintiff's paystubs shows that the Plaintiff has consistently worked overtime hours since at least 2017 and that the total number of those hours fluctuates by pay period. Pl. Ex. 3 [Pay Stubs];[7] *see also* Dep. Tr., ECF 42-3, p. 26–29. The pay stubs suggest that the Plaintiff's overtime hours vary from 40 hours per pay period to over 100 hours per pay period. Pl. Ex. 3 [Pay Stubs]; *see also* Dep. Tr., ECF 42-3, p. 26–29. The Plaintiff's pay stubs for 2019, which reflect her most recent pay history prior to the pandemic, show overtime generally between 40 to

---

[6] The transcript of the April 15, 2021, Hearing in this adversary proceeding is at ECF 48. References to this transcript are noted herein as "Tr." and identify the relevant page number(s) in that transcript.
[7] The Plaintiff's exhibits are filed at ECF 46. The Court includes the exhibit number (without counting the Main Document) and the title of the exhibit for ease of reference.

80 hours per pay period. Pl. Ex. 3 [Pay Stubs]. The Plaintiff's Form W2 for 2019, in turn, lists her annual wages as $43,209. *Id*. at p. 21.

The Plaintiff's monthly expenses exceed $3,000.[8] These expenses include her monthly rent, car payment, car insurance, health insurance, utilities, and $300 for food and housekeeping supplies. Sch. J, Case No. 19-21815-MMH, ECF 1; [depo at 53]. The Plaintiff explained her efforts to manage her expenses and the limitations placed upon her by her circumstances. Tr. 26–33; Dep. Tr., ECF 42-3, p. 20–21; 43–49. According to the Plaintiff, although her income may vary depending on her overtime hours, it never varies enough to generate a surplus (or disposable income) at the end of the month. Tr. 27, 35. The Plaintiff further testified that, upon retirement, her income will be reduced to $1,500 per month. Tr. 31; Dep. Tr., ECF 43-2, p. 18, 51.

The Plaintiff did not deny receiving student loans to finance her education, including student loans from the Defendant in an amount now due and owing of $26,852. ECF 42-2, p. 3. The Plaintiff further acknowledged that, with respect to the amounts due to the Defendant, she had requested a forbearance early in the life of the loan, made payments on the loan when she could, and that the Defendant garnished her wages to receive payments. Tr. 26. The Plaintiff also stated that she contacted the Defendant in 2019 about paying something on the debt but that she received no response. Tr. 28.

The Court recognizes the stringent burden placed on a debtor trying to discharge her student loan obligations. The Plaintiff has, however, set forth adequate facts at this stage of the litigation to suggest that she may be able to meet her burden of proof under section 523(a)(8) of the Code with respect to the student loan debt she owes to the Defendant. For example, she has demonstrated variances in her earning capacity; has explained her monthly expenses, which all

---

[8] The Plaintiff's Schedule J shows expenses totaling $3,069.88, with the Plaintiff during her deposition. Sch. J, Case No. 19-21815-MMH, ECF 1; Dep. Tr., ECF 42-3, p. 53.

relate to basic, daily living needs; and has shown at least some attempt to address and pay her student loan debt. The Court also accepts, for purposes of the Motion, the Plaintiff's representations concerning her age, her potential inability to continue working overtime hours at certain levels, and her general inability to maintain a minimal standard of living now or in the future. The Court thus finds it would be premature to decide this matter prior to an evidentiary hearing on the Plaintiff's Complaint.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion for Summary Judgment, filed by National Collegiate Student Loan Service [ECF 42], is denied.

cc: Plaintiff
    Defendant's Counsel

**END OF ORDER**